UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHARLES TEAGUE, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-09-64 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Respondent. § | |

## ORDER

On this day came on to be considered Respondent Quarterman's Motion for Summary Judgment with Brief in Support. (D.E. 24.) For the reasons stated herein, Respondent's Motion is GRANTED.

**I. Jurisdiction**

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Petitioner was convicted in the 319th Judicial District Court of Nueces County, Texas, in Cause No. 04-CR-2237-G. Teague v. State, No. 13-04-577, Clerk's Record, at 42.

**II. Factual and Procedural Background**

On September 23, 2004, petitioner was convicted by a jury of aggravated assault. Teague v. State, No. 13-04-577, Clerk's Record, at 42. Petitioner was sentenced to seven years in prison and a $10,000 fine. Id. at 93-95. He appealed his conviction to the Thirteenth Court of Appeals, asserting that the evidence was insufficient to support his conviction. Teague v. State, No. 13-04-577, 2006 WL 240523, at *1 (Tex. App. Feb. 2,

2006) (unpublished).  The appeals court affirmed his conviction on February 2, 2006.  Id. He did not file a petition for discretionary review.  (D.E. 1 at 3.)

Petitioner has filed three state applications for habeas relief.  (D.E. 23, Ex. A.) On February 22, 2008, he filed his first state application.  Id. at 4.  On April 9, 2008, that application was denied without written order on the findings of the trial court without a hearing.  Id. at 3.  On May 8, 2008, he filed his second application.  Id. at 8.  On June 11, 2008, that application was dismissed as a subsequent application.  Id. at 7.  On August 8, 2008, he filed a third application for state relief.  Id. at 9.  On October 22, 2008, that application was also dismissed as a subsequent application.  Id. at 10.  On March 26, 2009, petitioner filed a habeas petition with this Court.  (D.E. 1.)[1]

In his petition, Petitioner raises a single ground for relief, namely that the trial court erred in allowing the prosecution to read the enhancement paragraph of Petitioner's indictment in open court, thereby subjecting him to double jeopardy. (D.E. 1 at 7.) Respondent seeks summary judgment and dismissal of the petition on the grounds that the application was filed outside of the one-year limitations period established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner has failed to exhaust his claim, his claim is procedurally barred, and his claim lacks merit. (D.E. 24.)  Petitioner filed his Response on August 10, 2009.  (D.E. 26, 29.)  In response to the argument that his petition is time-barred, Petitioner primarily relies upon the equitable tolling principle.  Petitioner further argues that the limitations period should be calculated from "the date on which the factual predicate of the claim or claims presented

---

[1] Federal habeas petitions are deemed filed when placed in the prison mailing system. Hutson v. Quarterman, 508 F.3d 236, 237 n.2 (5th Cir. 2007) (per curiam) (citing Spotsville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998)). On March 26, 2009, Petitioner filed this pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the Northern District of Texas, Amarillo Division. (D.E. 1.) On March 31, 2009, this action was transferred to the Southern District of Texas, Corpus Christi Division. (D.E. 4.)

could have been discovered through the exercise of due diligence," under 28 U.S.C. § 2244(d)(1)(D).  Petitioner also addresses Respondent's arguments as to the merits of his case.  (D.E. 26.)

### III.  Discussion

#### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248; see also Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  Rivera, 349 F.3d at 247.  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); see also First Nat'l

Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968).  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party.  See Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B. Petitioner's Claims Are Time-Barred Under the AEDPA

Under the AEDPA, an individual in custody pursuant to a state court judgment has a one-year period of limitation for filing a federal habeas petition, which runs from the latest of four alternative dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The statutory period is tolled during the time a petitioner seeks state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Here, as Petitioner has failed to allege any facts suggesting that Section 2244(d)(1)(A) does not control, the limitations period began to run on the date his conviction became final.  Petitioner was convicted on September 23, 2004.  Teague v. State, No. 13-04-577, Clerk's Record, at 42.  On February 2, 2006, the Thirteenth Court of Appeals affirmed his conviction.  Teague, 2006 WL 240523, at *1.  His conviction became final thirty days later, March 6, 2006, when the time for filing a petition for discretionary review expired.  Tex. R. App. P. 68.2(a); Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) ("conviction becomes final when the time for seeking further direct review in the state court expires").  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner then had until March 6, 2007 to file his federal habeas petition.  As noted above, Petitioner did not file his first application for state habeas relief until February 22, 2008, nearly one year after the expiration of the statutory period in the AEDPA.  As this filing occurred after the expiration of the statutory period, it did not toll the limitations period under Section 2244(d)(2).  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").  Thus, the Court concludes that Petitioner's action is time-barred under 28 U.S.C. § 2244(d)(1).

### C.     Equitable Tolling is Not Applicable

Invocation of equitable tolling is within the district court's discretion. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling "of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir.), cert denied, __ U.S. __, 128 S. Ct. 709 (2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. A garden variety claim of excusable neglect does not support equitable tolling." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). It is well-settled that a prisoner proceeding pro se is not a "rare and exceptional" circumstance, as it is "typical of those bringing a § 2254 claim." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).

In this case, Petitioner has failed to raise any facts indicating that rare and exceptional circumstances prevented him from timely filing his petition. Petitioner argues that "statutes of limitation should not apply in situations in which no party is misled or disadvantaged by an error in pleading," and in support cites Palmer v. Enserch Corp., 728 S.W.2d 431 (Tex.App.-Austin 1987). (D.E. 26 at 7.) Palmer is a Texas state law case addressing equitable tolling where a plaintiff mistakenly sued the incorrect

party; it does not address equitable tolling in the context of federal habeas claims. Since equitable tolling "of the AEDPA limitations period is available 'in rare and exceptional circumstances,'" <u>Johnson</u>, 483 F.3d at 286, and no such circumstances exist here, the Court finds that the equitable tolling principle is not available in this case.

### D.      Section 2244(d)(1)(D) is Not Applicable

Under Section 2244(d)(1)(D), the statutory period may be calculated from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that this section is applicable, as he raised his claim in his original state writ of habeas corpus, but the state judge failed to correct the alleged miscarriage of justice that occurred in his case. Petitioner presented several applications for writ of habeas corpus, and the state failed to review his claim. (D.E. 26 at 7-8.)

The Fifth Circuit has rejected similar arguments in the past, explaining "Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner. **These facts do not include asserted errors in a state court's disposition of a state habeas application**." <u>Ybanez v. Johnson</u>, 204 F.3d 645, 646 (5th Cir. 2000), <u>cert. denied</u> 531 U.S. 881 (2000) (emphasis added). Petitioner here challenges the underlying state court judgment, and the time period in Section 2244(d)(1)(A) controls. Petitioner has clearly exceeded this time period.

Because the Court concludes that Petitioner's claim is time-barred under Section 2244(d)(1) and is therefore not properly before this Court, it does not reach the merits of Petitioner's asserted grounds for relief.

D.     **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability ("COA"). See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[2]

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a Section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues

---

[2] As of December 1, 2009, absent contrary congressional action, amended Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). In this case, the Court need not decide whether Petitioner has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred under Section 2244(d)(1), and equitable tolling is not applicable.

### IV. Conclusion

For the reasons stated above, Respondent's Motion for Summary Judgment (D.E. 24) is GRANTED and this action is DISMISSED. Additionally, the Court denies Petitioner a Certificate of Appealability.

SIGNED and ORDERED this 29th day of October, 2009.

                                                _____
                                                     Janis Graham Jack
                                                     United States District Judge